**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000097
25-JUN-2021
08:10 AM
Dkt. 60 SO**

NO. CAAP-20-0000097

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KALANI UYEMURA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3DCW-19-0000763)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Kalani Uyemura (**Uyemura**) appeals from the December 27, 2019 Judgment and Notice of Entry of Judgment and the January 27, 2020 Amended Judgment and Notice of Entry of Judgment, entered in the District Court of the Third Circuit, Kona Division (**District Court**).[1]  The District Court found Uyemura guilty of Assault in the Third Degree (**Assault 3**), in violation of Hawaii Revised Statutes (**HRS**) HRS § 707-712 (2014);[2] and Theft in the Third Degree (**Theft 3**), in violation of

---

[1]  The Honorable Margaret K. Masunaga presided.

[2]  HRS § 707-712 provides, in relevant part:

> (1)  A person commits the offense of assault in the third degree if the person:
> >    (a)  Intentionally, knowingly, or recklessly causes bodily injury to another person[.]
> >    . . . .
> (2)  Assault in the third degree is a misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty misdemeanor.

(continued...)

HRS § 708-832 (Supp. 2016).[3]

On appeal, Uyemura raises the following three points of error: (1) insufficient evidence supports the Assault 3 conviction because no other witness corroborated complaining witness Joshua K. Waters' (**Waters**) testimony, and defense witness Megan Saenz (**Saenz**) testified that Waters was the aggressor and that Uyemura acted only in self defense; (2) insufficient evidence supports the Theft 3 conviction because, other than Waters' testimony that his phone was worth $600, there was no additional evidence of the phone's value, such as receipts or an appraisal; and (3) the District Court failed to consider mutual affray as a mitigating defense to Assault 3.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm.

(1) The appellate court reviews a sufficiency-of-the-evidence challenge as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.] . . .  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed. . . .  "Substantial evidence" . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

---

[2](...continued)
As set forth in HRS §707-700 (2014), "bodily injury" is defined as "physical pain, illness, or any impairment of physical condition."

[3]  HRS § 708-832 provides, in relevant part:  "A person commits the offense of theft in the third degree if the person commits theft:  (a) Of property or services the value of which exceeds $250[.]"

The District Court found Waters credible and Saenz not credible.  Waters and Saenz testified to very different versions of events occurring on March 25, 2019.

Waters testified he observed Uyemura in the parking lot of the condominium complex where they both were living and Uyemura did a "hand-off" exchange with a vehicle occupant. Waters approached Uyemura, asked for his name, they did a fist bump, and Waters walked towards the complex's smoking pavilion. A few minutes later, Uyemura approached Waters yelling and in response Waters told Uyemura he and others were tired of the traffic that comes in and out of Uyemura's unit all hours of the day, and to take his business outside the fence because there are kids in the area.  Uyemura spat in Waters' face and took some swings at Waters, who jumped backwards and his phone fell out of his pocket.  Uyemura then took the phone and ran, Waters chased Uyemura but he ran across the road to a commercial parking lot, where Uyemura started throwing rocks at Waters, one of which hit Waters in the shin and broke some skin.  Waters returned to the condominium complex where he was followed by a woman he believed to be Uyemura's girlfriend or roommate, who was belligerent and yelling at him.  Waters then encountered Uyemura again at the condominium complex and told Uyemura to return his phone. Uyemura was belligerent, started wildly jumping around, spat in Waters' face again, and swung his fists at Waters, with one of the swings hitting Waters in the cheekbone breaking skin.  Waters then fought back, hit Uyemura with a left hook, and they ended up wrestling until a neighbor came out, at which point Uyemura went to his unit.  Waters subsequently called the police.

Saenz testified that Uyemura is her friend, that she had witnessed an incident between Uyemura and another person from his apartment complex, during which the other person was chasing Uyemura while holding a big rock on his shoulders and yelling at Uyemura.  Uyemura ran to a parking lot across the street, and the other person returned to the area of the apartments.  Eventually, Uyemura, Saenz and the other person ended up near Uyemura's apartment where the other person started pushing Uyemura and

there was a little scuffle.  Saenz testified that the other person hit Uyemura first.

The District Court also noted the testimony of Hawaiʻi County police officer Chandler Nacino (**Officer Nacino**), who responded to the incident and testified that Waters' face was bloody and his left shin was cut and bleeding.  Officer Nacino also testified that Uyemura had an abrasion to one of his hands.

"It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trial judge."  State v. Gella, 92 Hawaiʻi 135, 142, 988 P.2d 200, 207 (1999) (citation omitted).  Further, "[t]he testimony of one percipient witness can provide sufficient evidence to support a conviction."  State v. Pulse, 83 Hawaiʻi 229, 244, 925 P.2d 77, 812 (1996) (citations omitted).  Thus, we do not pass on the District Court's credibility assessment finding Waters credible and finding Saenz to be not credible.

Viewing the evidence in the light most favorable to the prosecution, as we must, there is substantial evidence in the record supporting Uyemura's conviction for Assault 3.

(2) Sufficient evidence supports the Theft 3 conviction because Waters testified that he believed his phone, an iPhone 6, was worth $600 in 2019.  He based the amount on what he purchased his iPhone 5 for in 2017.  There is no legal requirement that a stolen item's value be proved by a receipt or appraisal.

Even if we assume Waters' testimony about the phone was somehow incompetent, Uyemura did not object or move to strike Waters' testimony regarding the value of the phone.[4]  "[T]he rule

---

[4]  Uyemura does not dispute any element of Theft 3 other than the phone's value.  HRS § 708-801 (2014) provides, in relevant part:

> Whenever the value of property or services is determinative of the class or grade of an offense, or otherwise relevant to a prosecution, the following shall apply:
> (1)  Except as otherwise specified in this section, value means the market value of the property or services at the time and place of the offense, or the replacement

(continued...)

is well settled that evidence even though incompetent, if admitted without objection or motion to strike, is to be given the same probative force as that to which it would be entitled if it were competent," and its admission "will not constitute ground for reversal."  State v. Wallace, 80 Hawaiʻi 382, 410, 910 P.2d 695, 723 (1996).  The District Court properly considered Waters' testimony.

Moreover, contrary to Uyemura's contention, Hawaiʻi courts do not require an appraisal or receipt to establish the value element of a stolen item in a theft charge.  See, e.g., State v. Carroll, 146 Hawaiʻi 138, 153, 456 P.3d 502, 517 (2020); State v. Kahele-Bishop, No. CAAP-14-0001361, 2017 WL 430844, at *6 (App. Jan. 31, 2017) (mem.); State v. Thorp, No. CAAP-13-0000414, 2014 WL 4914623, at *1 (App. Sept. 30, 2014) (SDO).

Viewed in the light most favorable to the prosecution, there is substantial evidence in the record supporting Uyemura's conviction for Theft 3.

(3) Uyemura argues that the District Court failed to consider mutual affray as a mitigating defense to Assault 3, as evidenced by the District Court's "fail[ure] to make any findings as to whether mutual affray occurred."

Uyemura only cites State v. Kikuta, 125 Hawaiʻi 78, 96, 253 P.3d 639, 657 (2011), where the Hawaiʻi Supreme Court held that "the [trial] court must submit a mutual affray instruction to the jury where there is any evidence in the record that the injury was inflicted during the course of a fight or scuffle entered into by mutual consent, as indicated in [Hawaiʻi Jury Instructions Criminal] 9.21."  Uyemura provides no explanation for how the ruling in Kikuta can or should apply to a bench trial where there is no jury to instruct.  Moreover, he fails to show how the District Court erred in not entering specific findings on the record as to the mutual affray defense.  Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 23 requires the trial court in a

---

[4](...continued)
> cost if the market value of the property
> or services cannot be determined.

bench trial to enter special findings when requested by a party,[5] but Uyemura made no such request here.  Accordingly, his argument lacks merit.

For the reasons set forth above, the December 27, 2019 Judgment and Notice of Entry of Judgment and the January 27, 2020 Amended Judgment and Notice of Entry of Judgment, entered in the District Court of the Third Circuit, Kona Division, are hereby affirmed.

DATED:  Honolulu, Hawaiʻi, June 25, 2021.


On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge
Ashlyn L. Whitbeck,
Deputy Public Defender,           /s/ Keith K. Hiraoka
for Defendant-Appellant.          Associate Judge

Stephen L. Frye,                  /s/ Clyde J. Wadsworth
Deputy Prosecuting Attorney,      Associate Judge
for Plaintiff-Appellee.

---

[5]  HRPP Rule 23(c) provides:

> (c) *Trial without a jury*.  In a case tried without a jury the court shall make a general finding and shall in addition, on request made at the time of the general finding, find such facts specially as are requested by the parties.  Such special findings may be orally in open court or in writing at any time prior to sentence.